**IN THE COURT OF APPEALS OF IOWA**

No. 24-0908
Filed July 2, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMISON LEE DOWNING,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Jason D. Besler, Judge.


        A defendant appeals his sentence for domestic abuse enhanced, challenging the notice of firearm prohibition. **APPEAL DISMISSED**.


        Gregory F. Greiner, West Des Moines, for appellant.

        Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.


        Considered without oral argument by Greer, P.J., and Langholz and Sandy, JJ.

**GREER, Presiding Judge.**

Jason Downing pled guilty to domestic abuse enhanced and was sentenced to a suspended two-year term of incarceration and two years of supervised probation. Although not mentioned in the sentencing order, the district court filed a notice of firearm prohibition pursuant to Iowa Code section 724.31A (2024)[1] about thirty seconds later. About thirty seconds after that, the court entered a no-contact order, which warned Downing that "possessing, transporting, shipping, or receiving any firearms" was a criminal act "as long as a qualifying protective order" was in effect, but that no-contact order did not specifically mention the section 724.31A notice. Pointing to the firearm prohibition notice, Downing now raises a constitutional challenge, asserting that his rights under both the Second Amendment to the United States Constitution and under article I, section 1A of the Iowa Constitution have been violated. Because we conclude the notice of firearm prohibition is not a term of his sentence and, thus, not reviewable on direct appeal of that sentence, we dismiss this appeal.

Our supreme court recently addressed the two approaches to resolving constitutional challenges to the prohibition of firearms depending upon the filings and record at sentencing. *See State v. Smith*, 17 N.W.3d 355, 361–63 (Iowa 2025); *State v. Kieffer*, 17 N.W.3d 651, 660–62 (Iowa 2025). With the facts developed here and under the direction of the cases cited above, Downing's

---

[1] The Iowa Legislature repealed section 724.31A, effective July 1, 2025. *See* S.F. 462, 91st Gen. Assemb., Reg. Sess. (Iowa 2025); Iowa Const. art. III, § 26 ("An act of the general assembly passed at a regular session of a general assembly shall take effect on July 1 following its passage unless a different effective date is stated in an act of the general assembly.").

firearm prohibition challenge is not properly before us on appeal. Like the defendant in *Smith,* Downing failed to raise the challenge in the district court and only appealed the final sentencing order—not the later-issued stand-alone notice of firearm prohibition. 17 N.W.3d at 362 (concluding notice of firearm prohibition was not reviewable on direct appeal when section 724.31A notice was entered after judgment and not identified in the notice of appeal). And we find the guidance under *Kieffer* would be misplaced here, where in that decision our supreme court found because the firearm prohibition was discussed at sentencing, referred to in the sentencing order, and mentioned in the no-contact order that followed, it would be addressed as a term of the sentence on direct appeal from his underlying conviction and sentence.[2] *See* 17 N.W.3d at 661–63. Here, the firearm prohibition notice was served on Downing as a separate warning that his "identifying information will be reported to the Federal Bureau of [Investigation] (FBI) National Criminal Instant Background Check System (NICS) through the Iowa Department of Public Safety." "On its face the section 724.31A notice appears to be just that: a notice to [a defendant] that he is subject to other statutory provisions. It does not have any independent force."[3] *Id.* at 17 N.W.3d at 663 n.3.

---

[2] In *State v. Neuhaus*, also filed today, a panel of our court concluded the defendant could challenge his firearm prohibition as part of his sentence after the firearm restrictions were mentioned at the sentencing hearing, the court simultaneously filed a notice of firearm prohibition with the judgment and sentence order, the sentencing order stated that the no-contact order previously entered would remain in effect, and the separate no-contact order expressly prohibited the defendant from possessing firearms and required him to deliver all firearms to the sheriff within ten days. No. 24-0121, 2025 WL _____, at *_ (Iowa Ct. App. July 2, 2025) (relying on *State v. Kieffer*, 17 N.W.3d 651, 661–63 (Iowa 2025)).

[3] Under section 724.31A, a person can submit a written request to the Iowa Department of Public Safety as an administrative remedy to challenge the impact

Thus, Downing cannot establish good cause to appeal following his guilty plea and sentence. *See* Iowa Code § 814.6(1)(a)(3); *State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) (providing a defendant has good cause to appeal when they have "a reason that would allow a court to provide some relief"). Downing pled guilty and received the bargained-for sentence. *See State v. Hightower*, 8 N.W.3d 527, 534 (Iowa 2024) (finding "that 'good cause' exists when a defendant challenges 'a sentence that was neither mandatory nor agreed to'" (citation omitted)). Error is not preserved on his challenge to this collateral consequence of his sentence.

Because we lack jurisdiction to consider this challenge, we dismiss the appeal.

**APPEAL DISMISSED.**

Langholz, J., concurs; Sandy, J., specially concurs.

---

of the notice, but we have no record of whether than has been done or the results of any such challenge.

**SANDY, Judge** (specially concurring).

While I join the majority's well-reasoned opinion, I write separately to highlight the jurisdictional purgatory in which citizens served with firearm prohibition notices find themselves trapped. That is, who the heck reviews these things?

On the one hand, our supreme court has indicated that the firearm prohibition notice is not part of the sentencing order. *State v. Smith*, 17 N.W.3d 355, 362 (Iowa 2025). Consequently, it is not reviewable on direct appeal of the sentence. On the other hand, in footnote one, the majority states that under Iowa Code § 724.31A,[4] a citizen can submit a written request to the Iowa Department of Public Safety (DPS) as an "administrative remedy to challenge the impact of the notice." However, I am not necessarily in agreement with such a reading of § 724.31A. Specifically, § 724.31A(2) states as follows:

> The department of public safety shall, as soon as is practicable after receiving a written request from a person *who is no longer prohibited from acquiring a pistol or revolver* under section 724.15, subsection 2, paragraph "d", update, correct, modify, or remove the person's record in any database that the department of public safety makes available to the national instant criminal background check system and shall notify the United States department of justice that the basis for such record being made available no longer applies.

(Emphasis added.) The question is thus who makes the decision that one is "no longer prohibited from acquiring a pistol or revolver?" Section 724.31A(2) only

---

[4] Because Section 724.31A was repealed by the governor on May 27, 2025, *see* S.F. 462, 91st Gen. Assemb., Reg. Sess. (Iowa 2025), I believe that action further reinforces my point, "who the heck reviews these things," because such repeal removes the Department of Public Safety's obligation to review written requests received "from a person who is no longer prohibited from acquiring a pistol or revolver under section 724.15," *see* Iowa Code § 724.31A.

triggers DPS action once the requestor has first established that he or she is no longer prohibited from acquiring a pistol or revolver. The language "no longer" intimates that at one time the requestor was properly prohibited from possession. Such begs the question, who makes the decision at the inception? And, as here, what if the review is for the initial notice allegedly wrongfully issued? Who makes such review? Nothing in the statute imposes an obligation on DPS to make that decision—only to update their records once a decision has been made. DPS may take the position that the court should review the court's own notices. And DPS may be well within its right in doing so. After all, the notice came from the court. And the facts that justified its issuance are heard by the court with a qualitative analysis and decision as to whether to issue the notice. Whether we call the firearm prohibition an "order" or "notice," the point is still the same—its issuance has its genesis in court action. And final court actions are always reviewable. Iowa R. App. P. 6.103.

I do not fault the appellant for trying to figure out this jigsaw puzzle of review. *State v. Kieffer*, 17 N.W.3d 651, 660–62 (Iowa 2025), and *Smith*, 17 N.W.2d at 362, are both manifestations of litigants trying to figure out "who the heck reviews these things?" I do not have the answer, but I think a disservice is done in not calling this out for what it is: a game of jurisdictional hot potato with no answer in case law or statute to find the holder for review. Review is by either DPS or the courts, and the door is seemingly shut to both.[5] By not acknowledging this limbo, we perpetuate it and unnecessarily frustrate litigants' rights to review.

---

[5] Outside of conjoining the notice with a sentencing appeal, there may be other—yet unexplored—avenues by which review may occur.